C. Craig Woo (SBN 128783)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
(213) 689-0404 - Office
(213) 689-0430 – Fax
wooc@jacksonlewis.com

Attorneys for Defendant
AXIS SPECIALTY U.S. SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE FRANCIS HINGADA,<br><br>Plaintiff,<br><br>vs.<br><br>AXIS SPECIALTY U.S. SERVICES, INC. and DOES 1 to 10,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§, 1441(a) AND (b); § 1332(a) (DIVERSITY)**<br><br>(Filed concurrently with Declarations of Gail Wien and C. Craig Woo; Disclosure Statement; Certificate and Notice of Interested Parties; and Civil Case Cover Sheet) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF IN PRO PER MARIE FRANCIS HINGADA:

PLEASE TAKE NOTICE that Defendant AXIS SPECIALTY U.S. SERVICES, INC. ("Defendant") hereby removes to this Court the California state action described below.

## INTRODUCTION

1.     On January 4, 2016, Plaintiff Marie Francis Hingada ("Plaintiff") filed a civil complaint against AXIS Specialty U.S. Services, Inc. ("Defendant") in the Superior Court of the State of California in and for the County of Los Angeles captioned <u>Marie</u>

Francis Hingada v. Axis Specialty U.S. Services, Inc. and Does 1 to 10, inclusive, Case No. BC605200.

2. On January 7, 2016, Plaintiff served the Summons and Complaint on Defendant's statutory agent for service or process. Copies of the Summons and Complaint and related documents which were served are attached collectively as Exhibit "A."

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(a) and (b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Defendant is informed and believes Plaintiff was at the time she filed this action and still is a citizen of the State of California as alleged in paragraph 1 of the Complaint.

5. In accordance with 28 U.S.C. §1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff and filed with the Clerk of the Superior Court of California for the County of Los Angeles. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

**DIVERSITY OF CITIZENSHIP**

6. A corporate defendant "shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. §1332(c)(1).

7. Defendant was incorporated under the laws of the state of Delaware at the time Plaintiff filed her complaint in Los Angeles County Superior Court and at the time Defendant removed the action. In addition, Defendant's principal place of business at the time Plaintiff filed her complaint and at the time Defendant removed the action was in Alpharetta, Georgia.

8.     In order to determine a corporation's principal place of business, the court must utilize the "nerve center test." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181 (2010).   Under the "nerve center test," a corporation's principal place of business is where its executive and administrative functions are performed.

9.     The headquarters of Defendant is located in Georgia.  The primary executive and administrative functions of Defendant are conducted within the state of Georgia. Defendant's President, Treasurer, Secretary and General Counsel have offices and reside in the state of Georgia.  Defendant does not have any officers with offices in California or who reside in California.  Defendant's primary finance, accounting, legal, underwriting and claims departments operate out of AXIS's headquarters in Georgia.

10.    Defendant therefore is a citizen of Georgia and Delaware for purposes of diversity of citizenship.

11.    The presence of Doe Defendants has no bearing on the diversity with respect to removal.  See 28 U.S.C. §1441(a) "For purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

12.    For the foregoing reasons, diversity of citizenship has been satisfied.

## AMOUNT IN CONTROVERSY

13.    Although the Complaint does not specify the dollar amount of damages being sought, Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of $75,000 and the jurisdictional requirements of this Court.

14.    Without conceding Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. §1332(a).  Where a plaintiff's state court Complaint is silent as to the amount of damages claimed, the removing defendant need only establish it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-404 (9th Cir. 1996).

15.    The amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs, for the following reasons.

CASE NO.                                    3      NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
                                                   §1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)

16. The Complaint alleges that Plaintiff's employment was terminated for discriminatory reasons, Defendant has violated various provisions of the Fair Employment and Housing Act and Plaintiff has suffered damages.

17. Plaintiff's prayer for relief seeks loss of past and future wages and benefits, special damages, emotional distress, punitive damages, prejudgment interest and costs. (See Complaint and prayer for relief.)

18. In determining whether the amount in controversy exceeds $75,000, the court must presume Plaintiff will prevail on every claim alleged. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "Plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

19. The amount in controversy may include general and special compensatory damages.

20. As set forth in Exhibit 1 to the Complaint, Plaintiff's annual base compensation as of her date of hire in April 2010 was $72,000. As of January 6, 2014, the date that Plaintiff alleges her employment was terminated, her annual base compensation was approximately $73,495 based on an hourly rate of $37.69 and 37.5 hours worked per week. It has been approximately 13 months since the date that Plaintiff alleges her employment was terminated. Therefore, 13 months of Plaintiff's back pay is approximately $79,619 and backpay alone would exceed $75,000 if Plaintiff prevails at trial.

21. Punitive damages also are included in calculating the amount in controversy. Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963). See also, Aucina v. Amoco Oil Co., 871 F. Supp. 332, 334 (S.D. Iowa 1994).

22. Taken together, Plaintiff's potential recovery for lost wages, emotional

CASE NO.                    4    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)

distress damages and punitive damages satisfy the jurisdictional prerequisite for establishing the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

## DIVERSITY JURISDICTION

23. This civil action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§1441 *et seq.* and 1332(a) because the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

24. The notice of removal was filed within thirty (30) days of January 7, 2016, the date of service of Plaintiff's Complaint. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

25. No other Defendants have been named other than AXIS Specialty U.S. Services, Inc.; therefore, it is not necessary for any other parties to join in this Notice of Removal.

26. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of Los Angeles and the Central District of California is the judicial district where the state action is pending. Further, the Central District of California is the judicial district of this Court in which the claims alleged in the Complaint arose.

27. For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq.*

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of California for the County of Los Angeles to this Court.

/ / /

Dated:   February 5, 2016

JACKSON LEWIS P.C.

By:   _____
C. Craig Woo
Attorneys for Defendant
AXIS SPECIALTY U.S. SERVICES, INC.

4833-4875-9085, v. 1

CASE NO.                                     6    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§1441(a) AND (b); 28 U.S.C. §1332(a) (DIVERSITY)

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AXIS SPECIALTY U.S. SERVICES, INC. and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIE FRANCES HINGADA

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 04 2016

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES COUNTY SUPERIOR COURT
STANLEY MOSK COURTHOUSE
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**BC 6 0 5 2 0 0**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MARIE FRANCES HINGADA
145 West Ash Avenue, Burbank, CA 91502
Phone No.: (818) 368-5165

DATE: _____ Clerk, by _____ CRISTINA GRI... , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JAN.04 2016

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AXIS Specialty U.S. Services, Inc.

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> MARIE FRANCES HINGADA <br> 145 West Ash Avenue <br> Murbank, CA 91502 <br> TELEPHONE NO.: (818) 568-5165    FAX NO.: <br> ATTORNEY FOR (Name): Plaintiff In Pro Per | FOR COURT USE ONLY <br><br> CONFORMED COPY <br> ORIGINAL FILED <br> Superior Court of California <br> County of Los Angeles <br><br> JAN 04 2016 <br><br> Sheri R. Carter, Executive Officer/Clerk <br> By Cristina Grijalva, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
HINGADA v. AXIS

| CIVIL CASE COVER SHEET <br> [X] Unlimited    [ ] Limited <br> (Amount    (Amount <br> demanded    demanded is <br> exceeds $25,000)    $25,000 or less) | Complex Case Designation <br> [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> BC 6 0 5 2 0 0 <br><br> JUDGE: <br><br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary    b.[ ] nonmonetary; declaratory or injunctive relief    c.[ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
MARIE FRANCES HINGADA
(TYPE OR PRINT NAME)    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> *LexisNexis® Automated California Judicial Council Forms*

8

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     *LexisNexis® Automated California Judicial Council Forms*

9

MARIE FRANCES HINGADA
145 West Ash Avenue
Burbank, California 91502
818/568-5165

Plaintiff In Pro Per

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 04 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

STANLEY MOSK COURTHOUSE/CIVIL DIVISION

| MARIE FRANCES HINGADA,<br><br>                          Plaintiff,<br><br>vs.<br><br>AXIS SPECIALTY U.S. SERVICES, INC.,<br>and DOES 1 to 10,<br><br>                          Defendants. | CASE NO.:   **BC 6 0 5 2 0 0**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1)   WRONGFUL TERMINATION<br>      (BREACH OF CONTRACT)<br>2)   WRONGFUL TERMINATION<br>      (PUBLIC POLICY VIOLATION)<br>3)   INTENTIONAL INFLICTION OF<br>      EMOTIONAL DISTRESS<br>4)   NEGLIGENT INFLICTION OF<br>      EMOTIONAL DISTRESS<br><br>[Damages Exceed $25,000.00]<br><br>JURY TRIAL DEMANDED |

Plaintiff is informed and believes and thereby complains and alleges as follows:

**PARTIES AND JURISDICTION**

1.       Plaintiff, MARIE FRANCES HINGADA [hereinafter "HINGADA" or "Plaintiff"], was at all times relevant hereto, a resident of the State of California, County of Los Angeles, and an employee of Defendants, and each of them, at AXIS SPECIALTY U.S. SERVICES, INC., in Los Angeles, California, from June 2, 2010, until her wrongful termination on January 6, 2014.

2.       AXIS SPECIALTY U.S. SERVICES, INC., is a Delaware corporation doing business in California, Los Angeles County.

///

1

COMPLAINT FOR DAMAGES

3.    AXIS and DOES 1 through 10, and each of them, employed Plaintiff and shall be jointly referred to throughout this Complaint as "DEFENDANT EMPLOYER" unless individual references are necessary.

4.    The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes that DOES 1 through 10 are California residents and/or parents, subsidiaries, and/or sister corporations to DEFENDANT EMPLOYER, and/or individuals responsible for the acts complained of herein. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Plaintiff alleges all known and unknown Defendants, and all named Defendants, including corporate and individual Defendants and their parents, subsidiaries, their successors in interest, partners, and their employees and/or agents, acted on behalf of, and for the benefit of, at the direction of, and under the control of, and in conspiracy with, each and every Defendant, known or unknown, and their agents and/or employees, and each of them, to do the acts complained of herein.

### STATEMENT OF FACTS

5.    Plaintiff was hired by DEFENDANT EMPLOYER on June 2, 2010, pursuant to a written agreement as a Senior Underwriting Assistant in the Los Angeles area (see Exhibit 1 attached hereto). Throughout the next 2 years Plaintiff worked diligently and was given excellent performance reviews, praise, and bonuses in recognition for her great performance. Plaintiff's employment continued until January 6, 2014, when DEFENDANT EMPLOYER breached said employment contract and violated public policy by terminating Plaintiff while on disability leave on the basis of her age, disability, disability leave, and race. Plaintiff's termination was based upon false and pretextual reasons and violated California public policy as expressed in the California Family Medical Leave Act, California Family Leave Act, and Government Code §12900, et seq., and Labor Code §1102.5.

6.    Plaintiff was discriminated, retaliated against, and terminated on the basis of her disability, California Family Rights Act leave, age, and race. DEFENDANT EMPLOYER's agents failed to engage in the interactive process and failed to accommodate Plaintiff. Additionally, DEFENDANT EMPLOYER and its agents failed to provide a work environment free of discrimination and retaliation.

2

COMPLAINT FOR DAMAGES

7.      From about February 2011 until Plaintiff's termination, Defendants, and each of them, and their agents and employees, engaged in a continuous course of harassment, intimidation, hostility, discrimination, singling out, and retaliation against Plaintiff because of her age, race, disability, and her use of her rights under the California Family Rights Act and Family Medical Leave Act.

8.      On or about January 6, 2015, Plaintiff filed a Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing. On that same date, the Department of Fair Employment and Housing issued a Right to Sue Letter (see Exhibit 2 attached hereto).

## FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION (BREACH OF CONTRACT)

### (Against DEFENDANT EMPLOYER only)

9.      As a first, separate, and distinct cause of action, Plaintiff complains against DEFENDANT EMPLOYER and DOES 1 through 10, and realleges all the allegations contained in paragraphs 1 through 13 and incorporates them by reference into this cause of action as though fully set forth herein.

10.     Plaintiff was hired by DEFENDANT EMPLOYER on June 2, 2010, under the terms of a Letter of Offer (previously identified as "Exhibit 1").

11.     After Plaintiff was initially hired by DEFENDANT EMPLOYER, Plaintiff undertook and continued employment, and duly performed all of the conditions of the above employment agreement to be performed by Plaintiff. However, by May 12, 2011, differences between Plaintiff and DEFENDANT EMPLOYER and DOES 1 through 10 arose which lead to anxiety and a hostile work environment for Plaintiff.

12.     From May 12, 2011, through the date of Plaintiff's termination by DEFENDANT EMPLOYER, Plaintiff suffered from anxiety, stress tension and hostility which all lead to Plaintiff seeking intervention.

13.     On August 27, 2012, Plaintiff filed a stress-related workers compensation claim.

14.     On or about January 6, 2014, DEFENDANT EMPLOYER and DOES 1 through 10 breached the employment agreement by terminating Plaintiff for false and pretextual reasons in retaliation for Plaintiff's claims of anxiety, stress tension, hostility, and discrimination.

///

3

15.    As a direct and proximate result of the DEFENDANT EMPLOYER's breach of contract, Plaintiff has suffered and continues to suffer substantial losses in earnings, vacation pay, raises, etc., which Plaintiff would have received had DEFENDANT EMPLOYER not breached the contract. Plaintiff seeks damages for these injuries which exceed the jurisdictional limits of this Court and will be established according to proof at trial

16.    Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### (WRONGFUL TERMINATION - PUBLIC POLICY VIOLATION)

### (Against DEFENDANT EMPLOYER Only)

17.    As a second, separate, and distinct cause of action, Plaintiff complains against DEFENDANT EMPLOYER and DOES 1 through 21 and realleges all the allegations contained in the paragraphs 1 through 22 and incorporates them into this cause of action s though fully set forth herein.

18.    DEFENDANT EMPLOYER, on or about January 6, 2014, illegally terminated Plaintiff from her employment because of Plaintiff's filing of a workers compensation claim and request for leave pursuant to the California Family and Medical Leave Act and/or California Family Rights Act in violation of Government Code §12900, et seq. And Labor Code §1102.5.

19.    As a proximate result of this wrongful termination in violation of public policy, Plaintiff was caused to suffer, and continues to suffer, from humiliation, anxiety, severe emotional distress, worry, fear, and special damages (to include lost wages) all to her special and general damage according to proof at the time of trial.

20.    DEFENDANT EMPLOYER did the things hereinabove alleged intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

21.    All actions of DEFENDANT EMPLOYER, Defendants, their employees and agents, and each of them as herein alleged, were known, ratified, and approved by the officers of DEFENDANT EMPLOYER, Defendants, and each of them. Therefore, Plaintiff is entitled to punitive or exemplary damages against the DEFENDANT EMPLOYER in an amount to be determined at the time of trial.

4

COMPLAINT FOR DAMAGES

22.    Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

#### (Against All Defendants)

23.    As a third, separate, and distinct cause of action, Plaintiff complains against Defendants and DOES 1 through 27 and realleges all the allegations contained in the Complaint and incorporates them by reference into this cause of action as though fully set forth herein.

24.    The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants, and each of their conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

25.    As a proximate result of Defendants', and each of their, intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

26.    Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted maliciously, oppressively, and with reckless disregard of Plaintiff's rights and safety, and thereby entitled Plaintiff to an award of punitive damages. Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted maliciously, oppressively, and with reckless disregard of Plaintiff's rights and safety, and thereby entitled Plaintiff to an award of punitive damages.

27.    Plaintiff requests relief as hereinafter provided.

///

///

///

5

COMPLAINT FOR DAMAGES

14

## FOURTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

### (Against All Defendants)

28. As a fourth, separate, and distinct cause of action, Plaintiff complains against Defendants and DOES 1 through 32 and realleges all the allegations contained in the Complaint and incorporates them by reference into this cause of action as though fully set forth herein.

29. In the alternative, if said conduct of Defendants, and each of them, and of their agents and employees was not intentional, it was negligent and Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress.

30. Plaintiff requests relief as hereinafter provided.

*WHEREFORE*, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a money judgment for loss of employability, mental pain and anguish and emotional distress according to proof;

2. For general, presumed, and special damages based upon damage to Plaintiff's business and personal reputation;

3. For a money judgment representing compensatory damages including lost past and future wages, commissions, and all other sums of money, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff, according to proof;

4. For an award of punitive damages against any and/or all Defendants.

5. For costs of suit.

6. For prejudgment interest under Civil Code §3288 and Code of Civil Procedure §998, and any other applicable statutory or contractual basis;

7. For prejudgment interest according to statute;

8. For costs of suit according to statute; and

9. For such other and further relief as the Court may deem just and proper.

///

///

///

6

**COMPLAINT FOR DAMAGES**

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

Dated this ___ day of January, 2016.

_____
MARIE FRANCES HINGADA
Plaintiff In Pro Per

7
COMPLAINT FOR DAMAGES

## VERIFICATION

I, MARIE FRANCES HINGADA, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the ___ day of January, 2016, at Burbank, California.

MARIE FRANCES HINGADA

17

# EXHIBIT 1



11880 Great Oaks Way • Suite 500 • Alpharetta, Georgia 30022 • Main 678.746.9400 • Fax 678.746.9446

April 27, 2010

Marie Hingada
145 West Ash Avenue
Burbank, CA 91502

Dear Marie:

We are pleased to extend this invitation to you to join AXIS Specialty U.S. Services, Inc ("AXIS"). This letter, along with the enclosures, contains our complete offer of employment to you. Reporting to Leroy Bush, Operations Team Lead, you will join AXIS as Senior Underwriting Assistant in our Los Angeles office on a date to be determined. Your hourly wage will be $36.9231 ($72,000.00 on an annualized basis, for a 37.5 hour work week) paid bi-weekly. You will be eligible to participate in our annual incentive bonus plan at a 10% target level. The 2010 bonus (paid in early 2011) will be determined based on your length of continuous active employment with AXIS during 2010. In order to be eligible for our bonus, you must be on payroll on the day bonuses are paid. Our annual incentive bonus plan is discretionary and bonus awards are based on company and individual performance.

You will be eligible to participate in our benefit programs, which include Medical, Dental, Vision, Life, Disability, 401K Plan, Commuter and Flexible Spending Account plans. Information about these plans is included in your "New Hire Packet." Your annual vacation accrual will be 10 days. Please reference the Employee Handbook in your new hire binder under the Policy tab to view information on vacation accruals and the Benefits tab for information on your prorated 2010 personal and sick time.

This offer is contingent, of course, upon our receipt of references that AXIS considers satisfactory, and your satisfactory completion of all other facets of the pre-employment screening process, including, but not limited to, our background checks.

The terms contained in this letter are conditional upon your being entitled to live and work legally in the United States. In order to verify employment eligibility, we ask that you bring adequate documentation stating your identity according to the Immigration and Naturalization Service employment eligibility requirements (I-9 Form).

If you accept our offer, and any part of the screening process proves unsatisfactory to AXIS, we reserve the right to rescind any outstanding offer of employment or terminate your employment without notice or severance. Once we have completed the background check, we will contact you regarding a start date.

11880 Great Oaks Way, Suite 500, Alpharetta, Georgia 30022

M. HINGADA - 226 5

Employment at AXIS is "at will", which means you or AXIS can terminate the employment relationship at any time, with or without prior notice, and for any reason not prohibited by law. Your title, position and rate of pay can be changed at the discretion of AXIS.

As a condition of your employment with us, we want to make sure that you understand our position regarding confidential information that you may have acquired from any prior employer. AXIS prohibits you from bringing to work or otherwise utilizing any confidential information or trade secrets, whether in written or electronic form, that you obtained from any prior employer. Just as AXIS will expect you to protect its confidential information and trade secrets, you should not use any confidential information acquired from other businesses or created by you while working for any prior employer in connection with your work with AXIS.

To accept our invitation and as a condition of employment, we ask that you please sign and return this letter by Monday, May 3, 2010. A second copy of this letter is provided for your records. Upon acceptance of the offer, fax a copy of your signed offer letter and a copy of the signed *Investigative Consumer Report Disclosure and Release of Information Authorization* to 678-746-9446 as soon as possible so we can expedite the background check process. Please return the original signed offer letter and remainder of the enclosed new hire forms via the enclosed UPS envelope.

Maria, we are very enthusiastic about your joining AXIS and look forward to a mutually rewarding working relationship. We look forward to offering you opportunities that challenge and reward you.

Sincerely,

Tony Chimera, PHR, CCP, CBP
VP Human Resources

Accepted and Agreed:

_____        $\frac{5}{5}/10$
(Name)                                   Date

cc: Leroy Bush
    File

11680 Great Oaks Way, Suite 500, Alpharetta, Georgia 30022

M. HINGADA - 226 6

# AXIS

## NEW HIRE FORM

Req # 8010204

Date _____

**Employee Name:** Marie Hingada      **Date of Hire:** 9- 6-8-2010

**Position:** Sr. Underwriting Assistant      **Grade:** 4      **Emp. ID** _____

**Reporting Supervisor:** DRay Bush      **F/PT** _____ **#Hours Worked:** 97.5

**Pay Type:**  ☐ Exempt   ☑ Non-Exempt      **Location:** Los Angeles

**Business Unit:** ☑ Insurance  ☐ Reinsurance  ☐ Corporate  ☐ A&H   **Department (LOB):** 435

**Referral Source:** ☑ Employee Referral  ☐ Newspaper Ad  ☐ Web Ad  ☐ Recruiting Firm _____

**Employee Rate of Pay:** Annual: $ 72,000 00      Hourly: 34.9031

Bi-Weekly: _____

**Sign on Bonus:** No      **Relocation:** No
Gross / Net      Gross / Net

**Bonus** 10 %      **Stock:** _____ Restricted Stock/RSU Target
Prorated/Not Prorated      _____ Restricted Stock/RSU Grant

As of: _____

**HR Approval:** _____

**NOTE:** Complete this section ONLY IF the Voluntary Self-Id Section on the New Employee Form has not been previously completed by the employee. Use visual identification only.

**Race/Ethnicity**      **Gender/Sex**

☑ Asian/Pacific Islander      ☑ Female

☐ American Indian/Alaskan Native      ☐ Male

☐ Black/African American

☐ Hispanic

☐ White

Revised M. HINGADA - 226 91

21



### Acknowledgment Form

I understand that AXIS has implemented a policy prohibiting discrimination and harassment in the workplace, and has also implemented a policy against workplace violence. These policies are contained in AXIS's employee handbook.

I acknowledge that in the course of performing my duties and responsibilities for AXIS, I may on occasion, for example, while evaluating new client business or while I am engaged in claims or underwriting responsibilities, come across materials, while using AXIS's electronic and telephonic communications equipment, that have sexual or violent content.

In this connection, I understand that AXIS has informed me that if I find it offensive to have to view such materials, I will not be required to do so and should so advise my manager, who will find alternative means to ensure that this work is attended to. I also understand that I will not be subject to adverse treatment for requesting that I not work with such materials.

I understand that if I ever believe I am being subjected to a hostile work environment as a result of being exposed to such content or any other work-related conduct or behavior which I find objectionable, I will immediately notify Human Resources who will investigate the matter in accordance with AXIS's nondiscrimination/nonharassment complaint resolution procedure.

I further understand that I may not be subjected to any form of retaliation for filing such a complaint or participating in a complaint investigation, in accordance with the terms of AXIS's procedure.

_MAGGIE HINGADA_
Name of Employee (Please Print)

_[signature]_
Signature of Employee

_4/21/11_
Date

NYI 26442032.1

M. HINGADA - 226  102

# EXHIBIT 2

23



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
ACTING DIRECTOR ANNMARIE BALLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Jan 06, 2015

Marie Frances Hingada
145 W Ash Avenue
Burbank California 91502

RE: Notice of Case Closure and Right to Sue
DFEH Matter Number: 452406-141007
Right to Sue: Hingada / Axis Specialty U.S. Services, Inc.

Dear Marie Frances Hingada,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Jan 06, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

24



STATE OF CALIFORNIA, Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
ACTING DIRECTOR ANNMARIE BALLOTTI

Jan 06, 2015

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 452406-141007
Right to Sue: Hingada / Axis Specialty U.S. Services, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA - BUSINESS CONSUMER SERVICES AND HOUSING AGENCY    GOVERNOR EDWUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING    ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:  Axis Specialty U.S. Services, Inc. Janice Ratliff

Axis Specialty U.S. Services, Inc. Gail Wein

26



COMPLAINT OF EMPLOYMENT DISCRIMINATION

BEFORE THE STATE OF CALIFORNIA

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                DFEH No. 452406-141007
Marie Frances Hingada, Complainant.

vs.

Axis Specialty U.S. Services, Inc. Respondent.
11680 Great Oaks Way, Ste. 500
Alpharetta, Georgia 30022

Complainant alleges:

1. Respondent Axis Specialty U.S. Services, Inc. is a Private Employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around Jun 06, 2014, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied family care or medical leave, Denied reasonable accommodation, Terminated, .  Complainant believes respondent committed these actions because of their: Age - 40 and over, Disability, Family Care or Medical Leave, Race .

3. Complainant Marie Frances Hingada resides in the City of Burbank, State of California. If complaint includes co-respondents please see below.

-5-
*Complaint – DFEH No. 452406-141007*

Date Filed: Jan 06, 2015



**Co-Respondents:**

Axis Specialty U.S. Services, Inc.
Janice Ratliff
11680 Great Oaks Way. Ste. 500
Alpharetta Georgia 30022

Axis Specialty U S. Services, Inc.
Gail Wein
11680 Great Oaks Way, Ste. 500
Alpharetta Georgia 30022

-6-

*Complaint – DFEH No. 452406-141007*

Date Filed: Jan 06, 2015

28

**Additional Complaint Details:**

I was discriminated, retaliated against, and terminated on the basis of my disability, CFRA leave, age, and race.  Supervisors Janice Ratliffe and Gail Wein failed to engage in the interactive process and failed to accommodate me.  They also failed to provide a work environment free of discrimination and retaliation.

-7-

*Complaint – DFEH No. 452406-141007*

Date Filed: Jan 06, 2015



VERIFICATION

I, Christina R. Manalo, am the Attorney for Complainant in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On Jan 06, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Woodland Hills, CA
Christina R. Manalo

-8-
*Complaint – DFEH No. 452406-141007*

Date Filed: Jan 06, 2015